```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN DESIDERIO,

                    Appellant,         E.D. Bankr. Adv. Proc.
                                       No. 08-08062-478
         -against-
                                       MEMORANDUM & ORDER
SUNIL PARIKH; MEENA PARIKH; MARC A.    12-CV-2148(JS)
PERGAMENT; WEINBERG, GROSS &
PERGAMENT, LLP,

                    Appellees.
----------------------------------X
APPEARANCES
For Appellant:     John S. Desiderio, Esq.
                   18 Bedford Avenue
                   New Hyde Park, NY 11040

For Appellees:     Marc A. Pergament, Esq.
                   Weinberg, Gross & Pergament, LLP
                   400 Garden City Plaza, Suite 403
                   Garden City, NY 11530
```

SEYBERT, District Judge:

Pending before the Court is an appeal arising out of a Chapter 7 bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of New York by debtor Sunil Parikh (the "Debtor"). Appellant John Desiderio (the "Appellant") commenced an adversary proceeding against the Debtor, seeking a dismissal of the Debtor's case under 11 U.S.C. § 707(a) and/or the denial of the Debtor's discharge under 11 U.S.C. § 727. On May 24, 2011, the Bankruptcy Court issued a decision after trial ("Decision After Trial"), finding that the Debtor had filed his Chapter 7 case in bad faith. The

Bankruptcy Court, however, denied the Appellant's request to dismiss the bankruptcy case and instead denied the Debtor's discharge.  On June 28, 2011, the Appellant filed a motion for sanctions against the Debtor; the Debtor's wife, non-party Meena Parikh ("Meena"); the Debtor's lawyer, Marc A. Pergament, Esq.; and Mr. Pergament's firm, Weinberg, Gross & Pergament LLP ("WGP").  The Appellant now appeals the order of Bankruptcy Judge Robert E. Grossman denying his request for sanctions.  For the following reasons, the order of the Bankruptcy Court is VACATED and REMANDED for further findings consistent with this Memorandum and Order.

## BACKGROUND

The Court assumes familiarity with the facts of the underlying adversary proceeding, which are detailed in Judge Grossman's Decision After Trial.  The Court will only briefly summarize those facts that are pertinent to the pending appeal.

In or around 2004, the Appellant was awarded a default judgment in state court against the Debtor and a non-party on a claim for non-payment of a promissory note in the amount of $76,143.77.  (Decision After Trial at 20.)  The Appellant was later awarded additional judgments in the amounts of $7,062.50 and $42,380.35 for attorney's fees and costs incurred in enforcing the promissory note.  (Id. at 20-21.)

On May 13, 2006, the Debtor filed a Chapter 13 Petition with the assistance of counsel, which was dismissed on November 2, 2006 on motion of the Chapter 13 Trustee. (Id. at 5-6.) Approximately nine months later, the Debtor filed a Chapter 7 Petition with the assistance of different counsel (id. at 7), Appellees Mr. Pergament and WGP. The schedules filed with the Chapter 7 Petition, however, did not disclose all of the debts and assets that the Debtor disclosed in the schedules filed with the Chapter 13 Petition. (Id. at 7.)

The Appellant filed a claim on October 1, 2007,[1] and on November 29, 2007, Bankruptcy Judge Dorothy Eisenberg entered an order authorizing the Appellant to serve Rule 2004 subpoenas on the Debtor and his wife Meena (the "Examination Order"). (Appellant Ex. 18.)[2] On November 4, 2008, Judge Eisenberg held the Debtor and Meena in contempt due to their "willful refusal and failure" to comply with the Appellant's 2004 subpoenas and the Examination Order. (Id.) They were each sanctioned $100 per day, to be paid to the Appellant, for every day as of the date of the order "until they produce[d] the documents demanded pursuant to the 2004 Subpoena[s], Examination Order, and the

---

[1] At the time the claim was filed, the Debtor owed the Appellant over $280,000. (Compl. ¶ 6.)

[2] The parties appear to confuse the exhibit numbers with their ECF document numbers throughout their submissions. "Appellant Ex. ___" as used herein refers to the exhibit numbers, not the ECF document numbers.

3

Supplemental Document Request, and appear[ed] for examination at the place designated in the 2004 Subpoenas, at a date and time mutually agreeable to the parties." (Id.) The Debtor, Meena, and WGP were also held jointly and severally liable for the Appellant's attorney's fees, in the amount of $6,758.10, "due to their representations that the documents produced were complete when in fact they were incomplete and insufficient." (Id.) The attorney's fees were paid; however, the $100 per day sanction was not and remains outstanding.

On March 27, 2008, the Appellant commenced an adversary proceeding against the Debtor seeking dismissal of the Chapter 7 Petition as a bad faith filing under 11 U.S.C. § 707(a) and/or the denial of the Debtor's discharge under § 727. (Compl. ¶ 1.) The Debtor answered the Complaint on May 1, 2008 (Appellant Ex. 14), and on November 18, 2008, the Appellant filed a motion for summary judgment (Bankr. Case No. 08-08-8062, Docket Entry 22), which was denied by Judge Eisenberg on April 2, 2009 (id. at Docket Entry 41). The Appellant sought leave to file an interlocutory appeal to the district court on April 10, 2009, which was denied by District Judge Joseph F. Bianco on July 30, 2009. (Id. at Docket Entry 61.)

The case was transferred to Judge Grossman for trial, which took place over the course of five days between November

4

2009 and June 2010. (Id. at Docket Entry 60; Decision After Trial 2-3.) On May 24, 2011, Judge Grossman issued the Decision After Trial, finding that the Debtor had commenced the Chapter 7 proceeding in bad faith and denying his discharge pursuant to § 727(a)(4)(A), (a)(2)(A). (Decision After Trial at 50.) Despite the finding of bad faith, Judge Grossman denied the Appellant's request that the Chapter 7 Petition be dismissed, stating that it was in the "best interest of all parties in interest" to "keep[] th[e] case open and under the direct scrutiny of the trustee and oversight of the Court." (Id. at 35-36.)

On June 28, 2011, the Debtor filed a motion for sanctions in the adversary proceeding seeking the following relief: (1) an order directing that judgment be entered in favor of the Appellant against the Debtor and Meena for the unpaid sanctions previously imposed by Judge Eisenberg in the Chapter 7 proceeding and (2) the imposition of new sanctions against the Debtor, Meena, Mr. Pergament, and WGP in the amount of $239,252.69 in attorney's fees and costs incurred in challenging the Chapter 7 filings and prosecuting the adversary proceeding and $14,701.00 in attorney's fees and costs incurred in preparing the motion for sanctions. The Appellant argued that sanctions were warranted because:

5

> (a) the Debtor's Chapter 7 Petition was for an improper purpose under the provisions of Bankruptcy Rule 9011, (b) the Debtor, Meena, Pergament, and [WGP] attempted to manipulate the bankruptcy process to thwart [the Appellant] in violation of Section 105(a) of the Bankruptcy Code, (c) Pergament and [WGP] unreasonably and vexatiously multiplied the proceedings in this matter, and (d) Pergament and thus, [WGP], certified Debtor's petition and schedules without any inquiry, much less a reasonable inquiry under the circumstances, as to the completeness and/or accuracy of the information therein in violation of Section 707(b)(4)(C) & (D) of the Bankruptcy Code.

(Desiderio Aff. in Support of Sanctions ("Desiderio Aff.") at 12-13.)

Judge Gross heard oral argument on March 5, 2012 and denied the Appellant's motion on the record, stating as follows:

> You brought a case, you win. The debtor can't get a discharge. There's a 7 -- you win. Now you're bringing a case to say the reasons you won that you proved in front of me is the basis, one, I never should have had to brought the case, that what right do these people have to raise a defense, what right did a law firm have to represent a client, what--you're the most injured plaintiff I've ever seen that won. It's ridiculous. The only sanctions I'm considering is you, if you want to know the truth.
>
> . . .
>
> That's what I'm considering. And whether or not I go there, I'm not sure. But you want to talk about vexatious litigation; you want to talk about pleadings that make absolutely no sense. Read your own papers, all right? . . . I don't know--get something else to

6

>    do. Get another case. Find something else
>    to do in your life. You're too young to be
>    wasting your entire existence on this
>    ridiculous case. Go find the . . .
>    defendant. Sue him in state court. Collect
>    any monies you can. I told you you could do
>    that. Are you ever going to collect? I
>    have no idea. You're suing a guy who you
>    knew the odds of collecting on were probably
>    small. You made a decision not to settle,
>    your decision, completely your decision.
>    Live with it, all right? Live with it. But
>    to continue . . . .
>
>    But don't bring this stuff in my courtroom
>    again, don't do it, because the next time
>    you do, then I will figure out sanctions.
>
>    I'm going to deny the motion. Thank you.

(Hr'g Tr. 19-20.) Judge Grossman also expressed concern that the Appellant was seeking sanctions in the form of attorney's fees, even though the Appellant's counsel was not billing the Appellant for his services.[3] Instead, counsel sought sanctions in the amount of the fees "incurred" but not paid. (Hr'g Tr. 17.) Judge Grossman stated that this was "not quite but almost . . . one of the most absurd things that ha[s] been before [him]." (Hr'g Tr. 18.) Judge Grossman did not mention the Appellant's request for a judgment against the Debtor and Meena for the unpaid sanctions previously imposed by Judge Eisenberg. A form order denying the Appellant's motion in its entirety was

---

[3] The Appellant's counsel is his son. In exchange for representing the Appellant in the adversary proceeding, the Appellant was paying his son's mortgage. Thus, there were no contemporaneous billing records, because the Appellant was not formally billed for his son's services. (Hr'g Tr. 9-11, 15-18.)

7

entered on March 13, 2012. (Order on Motion for Sanctions, Docket Entry 1-2, at 2.)

The Appellant appealed Judge Grossman's decision to the undersigned on May 1, 2012. The Appellant filed his brief on May 16, 2012. It is forty-six pages--almost double the applicable page limit, see E.D.N.Y. LOCAL RULE 7.1(c)--and was filed without seeking an enlargement of the page limit. The Appellees--the Debtor, Meena, Mr. Pergament, and WGP--filed their opposition brief five days late on June 4, 2012. And the Appellant filed his reply brief on June 15, 2012, which also almost doubles the applicable page limit.

DISCUSSION

As a preliminary matter, the Appellant asks this Court to reject the Appellees' opposition brief as untimely. The Court denies this request and hereby retroactively grants the Appellees an extension of time to file their opposition. The Court finds that such an extension is/was warranted in order to give the Appellees sufficient time to respond to the arguments in the Appellant's unauthorized enlarged opening brief. Also, although the Court may, it will not limit its review of the Appellant's opening brief to the first twenty-five pages.

The Court will briefly summarize the standard of review and applicable law before turning to the merits of the Appellant's appeal.

8

I.  Applicable Law

    A.  Standard of Review on a Bankruptcy Appeal

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. Typically, a bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous," id.; see also Momentum Mfg. Corp. v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994), and its legal conclusions are reviewed de novo, see Momentum Mfg. Co., 25 F.3d at 1136. An order of the Bankruptcy Court granting or denying a motion for sanctions, however, is reviewed for abuse of discretion. See Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.), 931 F.2d 222, 227 (2d Cir. 1991); Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 91 (2d Cir. 2010). "The bankruptcy court 'necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" In re Kalikow, 602 F.3d at 91 (quoting Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.), 279 F.3d 148, 152 (2d Cir. 2002)).

9

B.  Bankruptcy Court's Ability to Impose Sanctions

The Appellant here sought sanctions pursuant to Bankruptcy Rule 9011, the Court's inherent power under 11 U.S.C. §§ 105(a), 707(b)(4)(C)-(D), and/or 28 U.S.C. § 1927.

1. Rule 9011

Rule 9011(b) states, in relevant part, that a party who presents a pleading, written motion, or other paper is "certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the document is not being presented for an improper purpose, that the legal contentions made are warranted by existing law, and that the contentions have evidentiary support. FED. R. BANKR. P. 9011(b). If a court finds that a party is responsible for violating Rule 9011(b), the court may impose sanctions. FED. R. BANKR. P. 9011(c). Accordingly, such sanctions are at the discretion of a court and "should only be imposed if it is patently clear that a claim has absolutely no chance of success." K.M.B. Warehouse Distrib., Inc. v. Walker Mfg. Co., 61 F.3d 123, 131 (2d Cir. 1995) (internal quotation marks and citation omitted).[4]

---

[4] Although these cases discuss sanctions in the context of Rule 11 of the Federal Rules of Civil Procedure, Rule 9011 "parallels Federal Rule of Civil Procedure 11, containing 'only such modifications as are appropriate in bankruptcy matters.'" In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir. 1991) (quoting Cinema Serv. Corp. v. Edbee Corp., 774 F.2d 584, 585

10

2. The Court's Inherent Power

Section 105(a) permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Although Section 105 does not specifically mention sanctions or awarding attorneys' fees, the Second Circuit has held that Section 105(a) empowers courts to "exercise equity in carrying out the provisions of the bankruptcy code." In re Smart World Techs., L.L.C., 423 F.3d 166, 184 (2d Cir. 2005) (emphasis omitted) (internal quotation marks and citation omitted). This equitable power does not, however, provide an independent basis for a court to act. See id. Rather, the language of Section 105(a) "suggests that an exercise of Section 105(a) power be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective." Id. (internal quotation marks and citation omitted). So while the extent of Section 105(a)'s equitable reach is disputed, it is agreed that it is "plainly limited by the provisions of the [Bankruptcy] Code." Id. at 183.

---

(3d Cir. 1985)). And the Second Circuit has held that the "application of Rule 9011 is informed by Rule 11 jurisprudence." Id. at 227.

Here, the Appellant seeks sanctions for violations of Section 707(b)(4) of the Bankruptcy Code, which provides, in relevant part, as follows:

> (C) The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has--
>
> > (i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and
> >
> > (ii) determined that the petition, pleading, or written motion--
> >
> > > (I) is well grounded in fact; and
> > >
> > > (II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1).
>
> (D) The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

11 U.S.C. § 707(b)(4)(C)-(D).

The Second Circuit has also recognized the ability of bankruptcy courts and district courts to "derive from § 105(a) . . . the power to sanction bad-faith serial filers." In re Casse, 198 F.3d 327, 337 (2d Cir. 1999).

> 3. 28 U.S.C. § 1927

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

12

> unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Courts in this circuit construe the statute 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994); Herrera v. Scully, 143 F.R.D. 545, 551-552 (S.D.N.Y. 1992)).

II. Whether the Bankruptcy Court Abused Its Discretion

There are two issues that the Court must address on this appeal: (1) whether Judge Grossman abused his discretion in denying the Appellant's request for a judgment on Judge Eisenberg's unpaid sanctions and (2) whether Judge Grossman abused his discretion in denying the imposition of new sanctions against the Debtor, Meena, Mr. Pergament, and WGP. The Court will address each separately.

13

A.   <u>In Failing to Enter Judgment on the Prior Award of Sanctions</u>

Although the Appellant's request for an entry of judgment on Judge Eisenberg's sanction order was raised in his motion for sanctions (<u>see</u> Desiderio Aff. 18-19, 23, 42) and was denied by Judge Grossman (Order on Motion for Sanctions at 1-2), Judge Grossman failed to explain why he exercised his discretion to deny the request, which appears to have been unopposed by the Debtor or Meena.  "Absent any such explanation, [the Court] cannot evaluate whether the court abused its discretion when it denied [the Appellant's request]."  <u>Capone v. Weeks</u>, 326 F. App'x 46, 47 (2d Cir. 2009) (remanding a denial of a motion for sanctions for "clarification of its decision and for additional findings of fact or conclusions of law" because the Circuit was "unable to assess, on the record before [it], whether the district court abused its discretion").  Accordingly, the Court hereby VACATES the portion of Judge Grossman's order denying the Appellant's request for an entry of judgment and REMANDS the case for further findings.

B.   <u>In Failing to Impose New Sanctions</u>

The Appellant also moved for the imposition of new sanctions against the Debtor, Meena, Mr. Pergament, and WGP arising out of, <u>inter alia</u>, Judge Grossman's Decision After Trial, which concluded that the Chapter 7 Petition had been

14

filed by the Debtor in bad faith, evidence of intentionally fraudulent conveyances of the Debtor's assets with Meena's assistance to Meena and other third parties, and Mr. Pergament and WGP's alleged failure to conduct a reasonable inquiry into the facts set forth in the Debtor's Chapter 7 filings or to correct misstatements in the filings upon discovery.[5] While such actions/inactions could warrant the imposition of sanctions, ultimately the decision whether to impose sanctions is within the sound discretion of the bankruptcy judge.

Here, Judge Grossman appears to have denied the Appellant's request for sanctions because he did not feel that attorney's fees were an appropriate sanction, given that the Appellant had yet to pay the fees in full. There are two issues with Judge Grossman's rationale. First, whether sanctions are warranted and the appropriate type/amount of sanctions are two separate issues that involve distinct analyses, see, e.g., In re Spectee Grp., Inc., 185 B.R. 146, 160 (Bankr. S.D.N.Y. 1995); Kanbar v. Christian de Ville de Goyet (In re Omega Trust), 120 B.R. 265, 270-71 (Bankr. S.D.N.Y. 1990), and here Judge Grossman appears to have skipped to the second step--determining the type and amount of sanctions to impose--without addressing whether

---

[5] The Appellant also noted in his sanctions motion that, pursuant to the terms of the promissory note--the document upon which the Debtor's debt to the Appellant is based--the Appellant is entitled to all reasonable legal fees and expenses incurred in collecting the debt. (Desiderio Aff. 18.)

15

sanctions were warranted in the first instance. Second, there is at least some authority in the Circuit to suggest that whether fees that were incurred, but not yet paid, are nonetheless recoverable. See Heisman Trophy Trust v. Smack Apparel Co., 379 F. App'x 12, 13-14 (2d Cir. 2010) (affirming a district court's award of attorney's fees as a sanction notwithstanding the fact that the fees had not yet been paid). Accordingly, the Court hereby VACATES the portion of Judge Grossman's order denying the Appellant's request to impose new sanctions and REMANDS for further findings regarding whether the actions of the Debtor, Meena, Mr. Pergament, and/or WGP were sanctionable.

## CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is VACATED and REMANDED for further findings consistent with this Memorandum and Order. The Clerk of the Court is directed to mark this appeal CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  28 , 2013
       Central Islip, NY

16